IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:07-CR-158-ALM-CAN |
| JIMMY RAY CANTU (2) | § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 6, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Heath Hyde. The Government was represented by Andrew Stover.

On October 27, 2008, Defendant was sentenced by the Honorable Michael H. Schneider, United States District Judge, to a sentence of one-hundred twenty (120) months imprisonment, followed by a five (5) year term of supervised release. On July 25, 2011, Defendant's term of imprisonment was reduced to seventy-two (72) months. Defendant's supervision commenced on February 1, 2013. Defendant's term of supervised release was revoked on May 1, 2017, and the defendant was sentenced to one (1) month imprisonment followed by an additional ten (10) months of supervised release. Defendant's new term of supervision commenced on May 6, 2017.

On September 1, 2017, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 253). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant must refrain from any unlawful use of a controlled substance; (2) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as

the Defendant is released from the program by the probation officer; (3) Defendant shall be placed on home detention for a period of ten months, to commence upon release from confinement, and during this time, Defendant must remain at his place of residence except for employment and other activities approved in advance by the United States Probation Officer, and Defendant must maintain a telephone at his place of residence without call forwarding, a modem, Caller ID, call waiting, or portable cordless telephone for the above period, and at the direction of the probation officer, Defendant must wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer, and Defendant is to pay the cost associated with the electronic monitoring program; and (4) Defendant must live at a place approved by the probation officer. If Defendant plans to change where Defendant lives or anything about his living arrangement (such as people he lives with), he must notify the probation officer at least ten (10) days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

The Petition asserts that Defendant violated these conditions because: (1) Defendant submitted a urine specimen on August 14, 2017, which tested positive for cocaine, and he admitted verbally and in writing to the U.S. Probation Office that he used cocaine; (2) Defendant failed to submit a random drug test on June 26, and July 10, 2017, at Hope, in Ft. Worth, Texas, and additionally, he submitted diluted urine specimens on June 13 and 20, 2017; (3) On August 23, 2017, the U.S. Probation Office in the Northern District of Texas received a Strap Tamper notification Alert from the defendant's electronic monitoring device, and attempts were made by phone to reach Defendant, and officers then conducted an unscheduled home visit at his residence, and Defendant's mother advised the officers that he was not home and she did not know his

whereabouts, and the officers were able to recover the electronic monitoring equipment from the residence, and she further advised Defendant left the residence and stated to her he was "having some issues on supervision and he would rather just go back and turn himself in at a later date," and as such, Defendant has failed to remain at his residence as instructed, and failed to abide by the procedures of the electronic monitoring program; and (4) on August 23, 2017, the U.S. Probation Office in the Northern District of Texas conducted an unannounced home visit at Defendant's approved residence. They were advised by his mother on this date that he had left, and she did not know where he went.

At the hearing, Defendant entered a plea of true to allegations 1, 2, 3, and 4. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the July 6, 2020, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months with twelve (12) months supervised release to follow with the same previously imposed conditions as well as conditions of drug testing and drug treatment as recommended by the probation officer.

**So ORDERED and SIGNED this 8th day of July, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE